UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 07 CR 735-1 |
| | ) | Judge Milton I. Shadur |
| SHERIN A. JACKSON | ) | |

DEFENDANT'S SENTENCING MEMORANDUM

Defendant Sherin Lee (formerly Sherin A. Jackson), through her counsel, Francis C. Lipuma, herein submits to this Honorable Court her Sentencing Memorandum through which she presents her positions relevant to the matter of a fair and reasonable punishment. This memorandum first addresses the calculations and corresponding levels and categories under the Federal Sentencing Guidelines contained within the Presentence Investigation Report ("PSR"). The second portion of this memorandum presents a proposed downward deviation from the prospective sentencing range for the Court's consideration. Based on the arguments and information contained herein, Ms. Lee respectfully submits that the Court should impose a sentence of straight probation.

I. The Advisory Sentencing Range Is 6 To 12 Months At Zone B

The probation officer's calculations under the advisory Sentencing Guidelines are consistent with those calculated by the parties as part of the plea agreement. As the agreed loss to the Social Security Administration is $49,136.50, and as Ms. Lee has shown acceptance of responsibility and remorse for her conduct, the total offense level is 10. (PSR at 3-4, lines 85-117). With a criminal history category of I (having no prior criminal convictions or even arrests), the officer and the parties agree that the advisory sentencing range is 6-12 months in some form of "custody" as the total offense level falls within Zone B. (PSR at 14, lines 438-42).

As a result of falling in Zone B, the minimum term of 6 months may be satisfied without resort to imprisonment. The minimum term may be satisfied by, among other things, "a sentence of probation that includes a condition or combination of conditions that substitute . . . home detention for imprisonment[.]" USSG §5C1.1(c)(3). Even though this might be considered by some to be a relatively slight form of punishment, it is respectfully submitted that even 6 months of home detention is excessive under the particular facts of the offense and when considered in light of Ms. Lee's background. The reasons in support of this position are set forth below.

II. A Downward Deviation From The Advisory Range Is Appropriate

It is respectfully submitted that the Court should consider and grant a downward departure or deviation from the advisory Sentencing Guidelines range. A non-guideline sentence of imprisonment, either under the factors promulgated in 18 U.S.C. §3553(a) or as a traditional downward departure, is appropriate because any sentence in excess of straight probation is unreasonable and is greater than necessary. *See Kimbrough v. United States*, 128 S.Ct. 558 (2007) (district court's judgment that a particular sentence is "sufficient, but not greater than necessary" is entitled to great deference). Justice would be well served were this Honorable Court to sentence Ms. Lee to such a penalty. Should the Court determine, however, that a deviation is not proper under the circumstances, the following matters are submitted in support of a sentence of six months home detention under the low-end of the advisory sentencing range.

As is now well-established, the Court simply must "consider the guidelines and make sure that the sentence he gives is within the statutory range and consistent with the sentencing factors listed in 18 U.S.C. §3553(a)." *United States v. Demaree*, 459 F.3d 791, 795 (7th Cir. 2006). "His choice of sentence, whether inside or outside the guideline range, is discretionary and subject

therefore to only light appellate review." *Id*. "The applicable guideline nudges him toward the sentencing range, but his freedom to impose a reasonable sentence outside the range is unfettered." *Id*.

Pursuant to the factors stated in §3553(a), a non-guideline sentence would appropriately recognize the facts of the offense, the characteristics of the offender, and the need to "impose a sentence sufficient, but not greater than necessary" to accomplish the sentencing and societal goals of punishment, deterrence, rehabilitation, and a return to productive citizenship. 18 U.S.C. §3553(a). Section 3553(a) recognizes that among the most important factors to be considered in fashioning an appropriate sentence include the "history and characteristics" of the individual defendant. 18 U.S.C. §3553(a)(1). Ms. Lee cannot be defined simply by reference to her criminal conduct. Rather, she must be sentenced with the benefit of considering the full measure of this individual as well as her demonstrated potential for rehabilitation and contribution to society.

For starters, and most significantly, Ms. Lee received disability benefits legitimately for many years. As the Court may recall and as described in the PSR, in 1984 Ms. Lee was seriously hurt in a car accident and suffered traumatic brain injury. She was hospitalized for several weeks and was required to go through a process of rehabilitation for over five years for post-traumatic stress disorder. She still suffers from frequent migraine headaches and memory impairment, and still has problems with math, time perception and other cognitive tasks. For instance, she cannot grasp how to use a computer and cannot remember sequences of events. More recently, as has been brought to the attention of the Court, Ms. Lee has suffered significant bouts of depression and has received counseling. Unfortunately, Ms. Lee has no health insurance and has not seen a doctor in many years.

3

Further, Ms. Lee has not attempted to hide from her conduct. When confronted by Special Agents of the Office of Inspector General of the Social Security Administration regarding her activities, she immediately admitted her criminal conduct orally and in a written statement. In this Court, she proceeded to this hearing pursuant to a plea of guilty without hesitation. While on pretrial release, Ms. Lee has met all conditions and has been in full compliance.

Importantly, Ms. Lee has never had an encounter of a criminal nature with law enforcement before. Also, at 61 years of age, Ms. Lee does not have much in her life in the way of family. She is divorced. Her parents and two brothers are deceased. Her only other sibling, another brother, removed himself from Ms. Lee's life years ago.

Ms. Lee does have a handful of friends. Two of those friends prepared character letters for the Court's consideration. (Copies have been provided to the Court, the prosecutor, and the probation officer under separate cover.) Owen T. McCarthy is a friend of Ms. Lee's and has helped Ms. Lee with her tax returns for about thirty years. He described Ms. Lee as "a good person; kind, compassionate and generous (at times to a fault). And, she has suffered greatly – emotionally and spiritually – from this regrettable episode in her life." (McCarthy letter to the Court, dated July 1, 2008). Mr. McCarthy also was interviewed by the probation officer, and he told the officer that Ms. Lee "is a good person, with a good heart, and is very religious." (PSR at 7, lines 209-10). Another friend, Anthony Doszak, who frequently accompanies Ms. Lee to her lawyer's office and to the courtroom, described Ms. Lee as someone who "has so much to give to others" and does give freely to others in need.   (Doszak letter to the Court, dated June 30, 2008).

Before *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guidelines prohibited or restricted  a sentencing court from relying on certain offender characteristics for downward

departures. *See* USSG §§5H1.1-6 and USSG §§5K2.1-13. Now that the guidelines are no longer mandatory, these limitations no longer limit the Court from imposing a sentence below the calculated range. The Court is allowed to consider Ms. Lee's diminished capacity, and the nature of the offense along with these considerations genuinely demonstrate that a non-guideline sentence is fair and reasonable under traditional departure principles or as part of a §3553(a) analysis. *See Gall v. United States*, 128 S.Ct. 586 (2007). In this instance, Ms. Lee committed the offense while suffering from a significantly reduced mental capacity which contributed substantially to the commission of the offense, so much so that a non-guideline sentence is appropriate.

    Finally, the Court is required to consider "the nature and circumstances of the offense." 18 U.S.C. §3553(a)(1). Clearly, there is no excuse for the type of criminal conduct engaged in here, and Ms. Lee has not attempted to create one. She is genuinely remorseful for her actions and hopes to be able to pay back the Social Security Administration in restitution. While it no doubt will be difficult, Ms. Lee would be in a better position to start making restitution if she is not required to be in custody in a facility or in her home. Ms. Lee is leading a law-abiding life. She has learned many lessons from this, and has always lived within her means which she acknowledges carries its own simple but valuable rewards.

    For these reasons, defendant Sherin Lee respectfully submits that this Honorable Court should enter judgment imposing a term of straight probation as it is reasonable and sufficient, and is not greater than necessary to comply with the goals of sentencing.

                                              Respectfully submitted,

                                              /s/ Francis C. Lipuma
                                              Francis C. Lipuma
                                              Attorney for Sherin Lee

Francis C. Lipuma
33 North Dearborn Street
Suite 600
Chicago, Illinois 60602
(312) 551-9112

CERTIFICATE OF SERVICE

I, Francis C. Lipuma, an attorney, do hereby certify that I caused a copy of "Defendant's Sentencing Memorandum" to be served upon:

Clifford C. Histed             Rebecca L. Fowlie
U.S. Attorney's Office         U.S. Probation Office
219 South Dearborn Street      55 East Monroe Street
Chicago, IL 60604              Chicago, IL 60603

pursuant to Fed.R.Crim.P. 49, Fed.R.Civ.P. 5, L.R. 5.5, and the General Order on Electronic Case Filing of the United States District Court for the Northern District of Illinois, Eastern Division.

/s/ Francis C. Lipuma
Francis C. Lipuma
33 North Dearborn Street
Suite 600
Chicago, IL 60602
(312) 551-9112